# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

MINOR L. MCNEIL                                                              PLAINTIFF

v.                                   No. 4:12CV00152 JLH

G. CHAD BARTON; DAVID LARO;
JOHN O. COLVIN; and JOHN/JANE DOES #1-15                          DEFENDANTS

## OPINION AND ORDER

Minor L. McNeil commenced this action on March 8, 2012, against G. Chad Barton, David Laro, John O. Colvin, and John/Jane Does #1-15.  McNeil alleges that Barton was a contractor for the Commissioner of Internal Revenue who pretended to have the power to represent the Commissioner of Internal Revenue in tax court when in fact he had no such power.  McNeil alleges that Colvin and Laro pretend to be judges in the United States Tax Court when no such court has been established by Congress and neither has been appointed to any such office.  He alleges that Barton, Laro, and Colvin have engaged in a criminal collusion with John and Jane Does in the Internal Revenue Service to create false writings in order to make a colorable pretense that McNeil's tax return was in error and that a tax debt was due and payable during 2006 and the ensuring years.

The defendants have moved to dismiss the complaint for lack of jurisdiction because the suit is barred by sovereign and official immunity.  They request the Court to take judicial notice of the tax court docket, pleadings, and statements in the Eighth Circuit's opinion showing that Judge Colvin and Judge Laro are United States Tax Court judges and that IRS counsel Barton represented the IRS as its attorney.  The Court can and will take judicial notice of the official records and the docket of the United States Tax Court, as well as the official records of the United States Court of Appeals for the Eighth Circuit.  *See* Fed. R. Evid. 201; *Stutzka v. McCarville*, 420 F.3d 757, 763 (8th Cir. 2005) (a court "may take judicial notice of judicial opinions and public records" (citing *United States v.*

*Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999))); *Auto-Owners Ins. Co. v. Tuggle*, 289 F. Supp. 2d 1061, 1066 (W.D. Ark. 2003) (a court may take judicial notice of another court's docket entries); *see also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (collecting circuit authorities for the preposition that a court may take judicial notice of another court's litigation record and filings).

The records of the tax court reflect that Minor L. McNeil filed a petition against the Commissioner of the Internal Revenue Service and the United States Tax Court, and the action was docketed as No. 004176-10. Gary C. Barton of Oklahoma City, Oklahoma, was counsel for the Commissioner in that action. The address for Gary C. Barton on the docket of the tax court is the same as the address for G. Chad Barton, one of the defendants in this action. John O. Colvin, Chief Judge of the United States Tax Court, entered an order directing the petitioner to file a proper amended petition and pay a filing fee. In January of 2011, a trial was held in Little Rock, Arkansas, before Judge Laro, who is a senior judge with the United States Tax Court. On January 28, 2011, Judge Laro entered a memorandum opinion in which he stated that McNeil had advanced a number of frivolous claims in his petition, at trial, and in his brief. Ultimately, Judge Laro found that all of the arguments made by McNeil were irrelevant, moot, or without merit. On January 30, 2011, Judge Laro entered a decision pursuant to his memorandum opinion stating that McNeil owed additional taxes and penalties for tax years 2006 and 2007.

McNeil appealed to the United States Court of Appeals for the Eighth Circuit. His appeal was docketed as No. 11-2520. On January 10, 2012, the Eighth Circuit entered a per curiam opinion affirming the decision of the Tax Court and denying pending motions by McNeil. McNeil filed a

motion for reconsideration, which was denied on February 29, 2012.  McNeil then commenced this action on March 8, 2012.

It is apparent that McNeil is continuing to challenge the decision of the Tax Court.  Although he alleges in his complaint that Barton merely pretends to have the power to represent the Commissioner of the Internal Revenue in Tax Court and that Judge Colvin and Judge Laro falsely pretend to be judges, the Court takes judicial notice of the records of the Tax Court and the Eighth Circuit, which are described above, and which show that these allegations are false and frivolous.

McNeil's claims against the defendants in their official capacities are barred by sovereign immunity.  Claims against governmental officials in their official capacities are claims against the United States.  *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).  It is well-established that the "United States can only be sued when it has expressly given its consent to be sued." *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993) (collecting Supreme Court decisions).  Thus, "[s]overeign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Id.* (citing *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980)).  McNeil does not, and cannot, show that Congress has waived the United States' sovereign immunity vis-a-vis claims like his.  Rather, McNeil claims that the Tax Court does not exist and that Barton, Judge Colvin, and Judge Laro are merely pretending to be government officials.  As explained above, however, the Court takes judicial notice of records establishing that Judge Colvin and Judge Laro are judicial officers of the United States Tax Court and that Barton is an attorney for the Commissioner.  Therefore, McNeil's official capacity claims are barred by sovereign immunity and must be dismissed.

McNeil's claims against Judge Colvin and Judge Laro in their individual capacities also must be dismissed.  With two exceptions, a judge is immune from suit.  *Schottel v. Young*, 687 F.3d 370 (8th Cir. 2012) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991)).  A judge is not immune for nonjudicial actions or for judicial actions taken in the complete absence of all jurisdiction.  Here, McNeil does not offer allegations falling under either of these two exceptions.  Rather, he alleges that Judge Colvin and Judge Laro are not real judges.  Again, however, the Court takes judicial notice that Judge Colvin and Judge Laro are judicial officers of the United States Tax Court.  Consequently, Judge Colvin and Judge Laro are immune from suit.

Finally, McNeil's claims against Barton in his official capacity must be dismissed based on official immunity or qualified immunity.  "It has long been held that governmental officials have an absolute privilege, immunizing them from civil damage suits arising out of acts committed within the scope of their official functions."  *Ahlstrand v. Lethert*, 319 F. Supp. 283, 284 (D. Minn. 1970) (dismissing a *pro se* complaint brought against IRS employees).  Because the Court takes judicial notice that Barton is an attorney for the Commissioner, he is entitled to official immunity.  Alternatively, qualified immunity shields public officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, L. Ed. 2d 396 (1982).  McNeil alleges that Barton was not authorized to act as an attorney on behalf of the Commissioner and, therefore, that his actions were "fraudulent."  McNeil does not allege that Barton engaged in any conduct that would violate McNeil's violate "clearly established statutory or constitutional rights" if, in fact, Barton was an attorney authorized to act on behalf of the

4

Commissioner.  Because the Court takes judicial notice that Barton is an attorney for the

Commissioner, it follows that he is entitled to qualified immunity.

For these reasons, the defendants' motion to dismiss is GRANTED.  Document #8.  McNeil's

complaint is dismissed with prejudice.

IT IS SO ORDERED this 21st day of August, 2012.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE